NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STAFFORD TAYLOR, an incapacitated adult, by and through his Guardian ad Litem, Grace Davies; et al., <br><br>        Plaintiffs-Appellants, <br><br>   v. <br><br> COUNTY OF LOS ANGELES; et al., <br><br>        Defendants-Appellees. | No.    20-56021 <br><br> D.C. No. 2:18-cv-09259-AB-SS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted October 4, 2021[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and BREYER,[***] District Judge.

Plaintiff Stafford Taylor and his family members ("Plaintiffs") appeal the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

summary judgment entered in favor of Los Angeles County, its Sheriff's Department, and two of that department's deputies ("Defendants"). Reviewing de novo, S.B. v. County of San Diego, 864 F.3d 1010, 1013 (9th Cir. 2017), we affirm.

1. Our state-created danger jurisprudence poses an insurmountable hurdle to Plaintiffs' claim that the deputies contributed to Taylor's brain injuries. "[T]he probability . . . is extremely speculative," Est. of Amos ex rel. Amos v. City of Page, 257 F.3d 1086, 1091 (9th Cir. 2001), that Taylor would have been better off unconscious in a ditch on the side of California's Pacific Coast Highway than in the Malibu Community Labor Exchange's parking lot, where he eventually received medical treatment. Plaintiffs make no showing that Taylor would have received aid from a Good Samaritan sooner had the deputies taken no action. On this record, "[i]f the defendants deprived [Taylor] of anything it was of some right to competent rescue services. But . . . there is no such right in the Fourteenth Amendment." Id. (omission in original) (citation omitted).

2. Plaintiffs forfeited any argument that the deputies violated Taylor's First Amendment right to travel. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (noting that arguments not raised before the district court generally are forfeited). By failing to provide any meaningful analysis of the issue in their opening brief, Plaintiffs also forfeited any argument that the deputies

2

violated Taylor's Fourth Amendment right against unreasonable seizures. See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (holding that we "will not consider any claims that were not actually argued in appellant's opening brief"). Plaintiffs merely restate the Supreme Court's balancing test for claims of excessive force but make no attempt to apply that test to the facts of this case.

3. The lack of a constitutional violation by the deputies bars municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). Even if that were not so, Plaintiffs fail to prove that Los Angeles County or its Sheriff's Department had an unconstitutional policy or custom in which deputies repeatedly, and unconstitutionally, moved unhoused residents to less-desirable locations. See Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (holding that "[l]iability for improper custom may not be predicated on isolated or sporadic incidents").

4. Because Defendants did not violate Taylor's constitutional rights, "Plaintiffs' family relations substantive due process claim also fails, as there is no underlying dependent constitutional deprivation." Corales v. Bennett, 567 F.3d 554, 569 n.11 (9th Cir. 2009).

5. Plaintiffs do not claim that Taylor was injured by any handcuffing, which forecloses their battery claim. See Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007) (listing California's elements of a battery claim).

6. Because the deputies did not place Taylor in a worse position, Plaintiffs' claim of false imprisonment fails. Even assuming that Taylor's detention was nonconsensual, it was not a "substantial factor" in any harm that he suffered. Jud. Council of Cal. Civ. Jury Instr. No. 1400 (2020).

7. Similarly, because the deputies did not increase Taylor's exposure to danger, Plaintiffs' negligence claim fails under California law. See Camp v. State, 109 Cal. Rptr. 3d 676, 684 (Ct. App. 2010) ("To create a special relationship and a duty of care, there must be evidence that the police made misrepresentations that induced a citizen's detrimental reliance [citation], placed a citizen in harm's way [citations], or lulled a citizen into a false sense of security and then withdrew essential safety precautions." (citations omitted in original) (internal quotation marks omitted)).

**AFFIRMED.**